UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
QUIANNA NATHAN,

                  Plaintiff,

        -against-

CITY OF NEW YORK, and JOHN and JANE DOE 1 through 10, individually and in their official capacities, (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                  Defendants.
------------------------------------------------------------- x

**COMPLAINT**

Jury Trial Demanded

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

5. This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367.

**JURY DEMAND**

6.     Plaintiff demands a trial by jury in this action.

**PARTIES**

7.     Plaintiff Quianna Nathan, a.k.a. Tatiana Morales, ("plaintiff" or "Plaintiff") is a resident of Bronx County in the City and State of New York.

8.     Defendant City of New York is a municipal corporation organized under the laws of the State of New York.  It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

9.     At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD.  Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

10.    At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD.  Defendants John and Jane Doe 1 through 10 are sued in their individual capacities.

11.    At all times relevant herein, all individual defendants were acting under color of state law.

**STATEMENT OF FACTS**

12.    At approximately 12:00 a.m. on March 7, 2015, Plaintiff was

lawfully present in the approximate vicinity of Hamilton Terrace in New York, New York.

13. While Plaintiff was riding as a passenger in a taxi, she became lost and was unable to direct the cab driver where to go.

14. The cab driver stopped to ask several uniformed police officers for directions.

15. The officers had no reason to suspect that Plaintiff was concealing contraband or involved in criminal activity.

16. The officers asked Plaintiff, "What's the problem?" and ordered her to exit the car. The officers then accused her of attempting to avoid her responsibility to pay for the cab ride.

17. The officers then tried to conduct an unlawful search of Plaintiff.

18. Throughout the interaction, the officers acted in an unprofessional and sexist manner, including but not limited to directing Plaintiff to "shut up" and implying that Plaintiff was "working," i.e. as a prostitute.

19. At no point did the cab driver suggest that Plaintiff was not going to pay her fare. In fact, Plaintiff offered to remit payment in the presence of the officers.

20. The officers ignored Plaintiff's offer to pay, placed her in handcuffs, and took her to a police precinct.

21. She was taken to the precinct before the officers found that she had approximately $60 in cash as well as several credit cards on her person. Instead of apologizing, the officers continued to treat Plaintiff with offensive and

sexist discourtesy, including but not limited to asking whether she had "any more money in your bra?"

22. While Plaintiff was still handcuffed, the officers placed her in a holding cell with several men, who were not similarly restrained. She remained handcuffed in the cell for hours, fearing for her safety the entire time.

23. Plaintiff sustained injuries to her wrist and shoulder as a result of this incident.

24. Among Plaintiff's possessions was a credit card bearing her grandfather's name and another credit card bearing her alternative name, Tatiana Morales. The officers called her grandfather, who confirmed that Plaintiff had his permission and authority to use his credit card.

25. At the precinct, the officers falsely informed employees of the Kings County District Attorney's Office that Plaintiff had presented officers with false identification and prepared police paperwork and other documents to that effect.

26. The officers fabricated these statements and prepared these documents in an effort to cover-up their false arrest of Plaintiff.

27. Plaintiff was then taken to Brooklyn Central Booking.

28. At arraignment, the criminal charges against Plaintiff were adjourned in contemplation of dismissal.

29. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental

anguish, fear, pain, bodily injury that may be permanent, anxiety, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM
## 42 U.S.C. § 1983

30. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

31. Defendants, by their conduct toward plaintiff alleged herein, violated plaintiff's rights guaranteed by 42 U.S.C. § 1983, the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

32. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SECOND CLAIM
## Unlawful Stop and Search

33. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

34. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

35. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
## False Arrest

36. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

37. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

38. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

39. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

### FOURTH CLAIM
### Denial Of Constitutional Right To Fair Trial

40. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

41. The individual defendants created false evidence against Plaintiff.

42. The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

43. In creating false evidence against Plaintiff, and in forwarding false information to prosecutors, the individual defendants violated Plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

44. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### Failure To Intervene

45. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

46. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

47. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth And Fourteenth Amendments.

48. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SIXTH CLAIM
### *Monell*

49. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

50. This is not an isolated incident. The City of New York (the "City"), through policies, practices and customs, directly caused the constitutional violations suffered by plaintiff.

51. The City, through its police department, has had and still has hiring practices that it knows will lead to the hiring of police officers lacking the intellectual capacity and moral fortitude to discharge their duties in accordance with the constitution and is indifferent to the consequences.

52. The City, through its police department, has a *de facto* quota policy that encourages unlawful stops, unlawful searches, false arrests, the fabrication of evidence and perjury.

53. The City, at all relevant times, was aware that these individual defendants routinely commit constitutional violations such as those at issue here and has failed to change its policies, practices and customs to stop this behavior.

54. The City, at all relevant times, was aware that these individual defendants are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

55. These policies, practices, and customs were the moving force behind plaintiff's injuries.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

DATED:    November 9, 2016
                New York, New York

                                        _____/s/_____
                                        Juliene Drei Munar
                                        Wright & Marinelli LLP
                                        305 Broadway, Suite 1001
                                        New York, New York 10007
                                        (212) 323-6880

                                        *Attorney for Plaintiff*